# SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
SUITE 950
1901 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029
(310) 789-3100
FAX (310) 789-3150
www.susmangodfrey.com

ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/30/12

| SUITE 5100 | SUITE 5100 | SUITE 3800 | 15TH FLOOR |
|---|---|---|---|
| 1000 LOUISIANA STREET | 901 MAIN STREET | 1201 THIRD AVENUE | 560 LEXINGTON AVENUE |
| HOUSTON, TEXAS 77002-5096 | DALLAS, TEXAS 75202-3775 | SEATTLE, WASHINGTON 98101-3000 | NEW YORK, NEW YORK 10022-6828 |
| (713) 651-9366 | (214) 754-1900 | (206) 516-3880 | (212) 336-8330 |

STEVEN G. SKLAVER
DIRECT DIAL (310) 789-3123

E-MAIL SSKLAVER@SUSMANGODFREY.COM

January 27, 2012

VIA FACSIMILE (212) 805-6326

Hon. Colleen McMahon
United States Courthouse
500 Pearl St., Courtroom 14C
New York, NY 10007-1312

MEMO ENDORSED

*[handwritten:] Rule 16 Conference re-scheduled to 2/17/12 @ 11:45 am. Colleen McMahon 1/30/12*

Re: *Martin Fleisher, as trustee of the Michael Moss Irrevocable Life Insurance Trust II, et al. v. Phoenix Life Ins. Co.*, Case No. 11 Civ. 8405 (CM)

Dear Judge McMahon:

Undersigned counsel represents the plaintiffs, individually and on behalf of the putative class, in the above captioned matter, who submit this letter to advise the Court of plaintiffs' position with regards to the Civil Case Management Plan to be addressed at the February 3, 2012 Initial Pretrial Conference.

This is a putative class action brought by owners of life insurance policies issued by defendant Phoenix Life Insurance Company ("Phoenix") who have been subject to allegedly unlawful increases in their cost of insurance ("COI"). One of Phoenix's COI increase at issue in this case has already been declared unlawful by the New York insurance regulator and is the subject of heavy criticism in trade publications. *See, e.g.* New York Regulator Orders Phoenix to Reverse COI Charges, *The Life Settlements Report*, Dec. 1, 2011 at 2.

Assuming defendant timely complies with its discovery obligations, this litigation can be completed by the deadline already ordered by the Court. Given the New York insurance regulator's investigations, for example, ostensibly, Phoenix has already gathered much of the document discovery required in this case and already knows the issues that lay at the heart of this dispute, namely, the factual basis for why Phoenix increased its COI and whether that basis complies with the terms of its uniform, standardize contracts with putative class members

2145483v1/012746

Hon. Colleen McMahon
United States Courthouse
January 27, 2012
Page 2

and other applicable laws. Accordingly -- and in stark contrast to Phoenix's unnecessarily lengthy and delayed proposal -- plaintiffs' proposed schedule in this case is in *compliance* with the Court's November 23, 2011 Order Scheduling an Initial Pretrial Conference (the "Order"), such that, as the Court has so ordered,

- all discovery is completed within six months of the Order, and

- a proposed joint final-pretrial order is filed within forty-five days of the close of discovery.

*See* Order ¶ 2.

Accordingly, plaintiffs' propose the following Civil Case Management Plan (also attached as Exhibit A):

| | | |
|---|---|---|
| January 23, 2012 | – | Discovery pursuant to Fed.R.Civ.P. 26(a) shall be exchanged (already accomplished) |
| February 24, 2012 | – | No additional parties may be joined |
| March 16, 2012 | – | No pleading may be amended, except for good cause shown |
| May 1, 2012 | – | Initial expert reports due |
| May 14, 2012 | – | Rebuttal expert reports due |
| May 23, 2012 | – | All discovery completed |
| July 6, 2012 | – | Propose joint pretrial order due. |

Plaintiffs further propose filing their motion for class certification on or before April 16, 2012.

Sincerely,

Steven G. Sklaver

cc:   Counsel for Phoenix
Enclosure

2145483v1/012746