## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

————————————————————————— :   ECF Case
                                   :
MARTIN FLEISHER, as trustee of the Michael   :
Moss Irrevocable Life Insurance Trust II, and   :   Case No. 11 Civ. 8405 (CM)
JONATHAN BERCK, as trustee of the John L.   :
Loeb, Jr. Insurance Trust, on behalf of themselves   :
and all others similarly situated,   :
                                   :   **DEFENDANT PHOENIX LIFE**
                       Plaintiffs,   :   **INSURANCE COMPANY'S**
                                   :   **ANSWER AND AFFIRMATIVE**
                                   :   **DEFENSES**
         vs.   :
                                   :
PHOENIX LIFE INSURANCE COMPANY,   :
                                   :
                       Defendant.   :
————————————————————————— :

Defendant Phoenix Life Insurance Company ("Phoenix"), hereby answers the November 18, 2011 Complaint (the "Complaint") of the plaintiffs, Martin Fleisher, as trustee of the Michael Moss Irrevocable Life Insurance Trust II, and Jonathan Berck, as trustee of the John L. Loeb, Jr. Insurance Trust (collectively, "Plaintiffs"), both on behalf of themselves and all others similarly situated, by specifically denying each and every allegation (including titles or headings) in the Complaint not specifically admitted herein, by asserting the affirmative defenses set forth below, and by responding to the individually numbered paragraphs in the Complaint as follows:

### NATURE OF THE ACTION

1.      Paragraph 1 of the Complaint purports to characterize the nature of Plaintiffs' claims and the relief sought in this action, and requires no response. However, to the extent that a response is required, Phoenix admits that Plaintiffs seek to bring this case as a putative class action, but denies that a class can be certified or that either Plaintiffs or any unnamed, putative class members are entitled to any damages or other relief purportedly sought from Phoenix.

Phoenix denies that it breached any of its obligations under the policies or engaged in any wrongful conduct whatsoever.

2.      In response to the allegations contained in Paragraph 2 of the Complaint, Phoenix states that the insurance policies at issue in this action speak for themselves and are the best evidence of their terms.  Insofar as Plaintiffs' characterization of policy terms or features in Paragraph 2 is inconsistent with the actual terms or features of the policies, Phoenix denies such allegations.  As to the remaining allegation in the last sentence of Paragraph 2 regarding the manner in which Phoenix supposedly promoted the policies, Phoenix states that the marketing language that Plaintiffs quote without citation in Paragraph 2 provides insufficient contextual information for Phoenix to form a belief as to the truth or falsity of the allegation, and Phoenix therefore denies the allegation.  Phoenix further states that the acronym "PAUL" policies stands for Phoenix Accumulator Universal Life.

3.      Phoenix denies all the allegations contained in Paragraph 3 of the Complaint, including any and all allegations that imply that Phoenix breached any of its obligations under the policies or engaged in any wrongful conduct whatsoever.

4.      Phoenix lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' generalized allegations in Paragraph 4 of the Complaint pertaining to the behavior of life settlement investors with respect to the payment of life insurance premiums or the lapse or surrender of life insurance policies, and therefore denies those allegations.  Phoenix also specifically denies the allegations in Paragraph 4 to the extent that they imply that Phoenix breached any of its obligations under the policies or engaged in any wrongful conduct whatsoever.

5.      Phoenix lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' vague allegations in Paragraph 5 pertaining to life settlement investors and the secondary market for life insurance, and therefore denies those allegations.

6.      Phoenix lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' vague allegation in the first sentence of Paragraph 6 that Phoenix "supported the life settlement market," and therefore denies that allegation.  Phoenix denies the allegations in the second sentence of Paragraph 6.  To the extent that Plaintiffs' allegations in the remaining sentences of Paragraph 6 attempt to characterize or draw inferences from the legal authority cited therein, Phoenix states that the legal authority speaks for itself and therefore denies those allegations.

7.      Phoenix denies all the allegations contained in Paragraph 7 of the Complaint, including any and all allegations that imply that Phoenix breached any of its obligations under the policies or engaged in any wrongful conduct whatsoever.

8.      The first sentence of Paragraph 8 of the Complaint is a conclusory statement of Plaintiffs' opinion to which no response is required.  In response to Plaintiffs' vague allegations based on an incomplete hypothetical in the second sentence of Paragraph 8, Phoenix lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' calculations, and therefore denies those allegations.  Phoenix denies the remaining allegations of Paragraph 8 pertaining to supposed objectives of the COI rate increase, including any and all allegations that imply that Phoenix breached any of its obligations under the policies or engaged in any wrongful conduct whatsoever.

9.      In response to the allegations in Paragraph 9 of the Complaint, Phoenix denies that it engaged in any unlawful or otherwise wrongful conduct.  Phoenix further states that the

insurance policies at issue in this action speak for themselves and are the best evidence of their terms.  Insofar as Plaintiffs' characterization of policy terms or features alleged in the second and fourth sentences of Paragraph 9 is inconsistent with the actual terms or features of the policies, Phoenix denies such allegations.  To the extent that Plaintiffs' allegations in the remaining sentences of Paragraph 9 attempt to characterize or draw inferences from the legal authority cited therein, Phoenix states that the legal authority speaks for itself and therefore denies those allegations.

10.     Phoenix denies any and all allegations contained in Paragraph 10 of the Complaint that imply that Phoenix breached any of its obligations under the policies or engaged in any wrongful conduct whatsoever.  Phoenix further states that the insurance policies at issue in this action speak for themselves and are the best evidence of their terms.  Insofar as Plaintiffs' characterization of policy terms or features alleged in the first and third sentences of Paragraph 10 is inconsistent with the actual terms or features of the policies, Phoenix denies such allegations.  To the extent that Plaintiffs' remaining allegations attempt to characterize or draw inferences from legal authority cited in Paragraph 10, Phoenix states that the legal authority speaks for itself and therefore denies those allegations.

11.     Paragraph 11 consists of multiple legal conclusions that require no response by Phoenix.  To the extent that a response is required, Phoenix denies any and all allegations contained in Paragraph 11 of the Complaint that imply that Phoenix breached any of its obligations under the policies or engaged in any wrongful conduct whatsoever.  Phoenix further states that both the insurance policies at issue in this action and any written promotional materials used to sell the policies speak for themselves and are the best evidence of their terms.  Insofar as Plaintiffs' characterization of policy terms or features or of any promotional material

used in the sale of the policies alleged in Paragraph 11 is inconsistent with the actual terms or features of the policies or with the content of the promotional materials, Phoenix denies such allegations.  Finally, in response to Plaintiffs' allegations in the last sentence of Paragraph 11 that Phoenix violated (i) its duties of good faith and fair dealing and (ii) New York General Business Law § 349, Phoenix denies such allegations and further notes that, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs' claims based on such allegations have been dismissed from this lawsuit for failure to state a claim upon which relief can be granted.  *See* Decision and Order Granting Defendant's Motion for Partial Dismissal of the Class Action Complaint dated May 2, 2012 (the "May 2, 2012 Order") at 10-13, 19-23.

## **THE PARTIES**

12.     In response to the allegations in Paragraph 12 of the Complaint, Phoenix admits on information and belief that the Loeb Trust is the owner of the Loeb Policy, and that the Loeb Policy was subject to a cost of insurance rate adjustment announced beginning in March, 2010. Phoenix lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' remaining allegations in Paragraph 12, and therefore denies those allegations.

13.     In response to the allegations in Paragraph 13 of the Complaint, Phoenix admits on information and belief that the Moss Trust is the owner of the Moss Policy, and that the Moss Policy was subject to a cost of insurance rate adjustment announced beginning in October, 2011. Phoenix lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' remaining allegations in Paragraph 13, and therefore denies those allegations.

14.     In response to the allegations in Paragraph 14 of the Complaint, Phoenix admits that it is domiciled in New York, denies that it sells life insurance in New York only, but admits

that the putative class consists only of New York policies.  Phoenix further admits that it has an office in East Greenbush, New York, and states that its corporate offices are in Connecticut.

## JURISDICTION AND VENUE

15.     Paragraph 15 states legal conclusions that require no response by Phoenix.  To the extent a response is required, Phoenix refers to the Court's May 2, 2012 Order finding that it has subject matter jurisdiction over plaintiffs' claims pursuant to the Class Action Fairness Act.

16.     Paragraph 16 states legal conclusions that require no response by Phoenix.  To the extent a response is required, Phoenix lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies the allegations.

17.     Paragraph 17 states legal conclusions that require no response by Phoenix.  To the extent a response is required, Phoenix admits that the Court has personal jurisdiction over it.

18.     Paragraph 18 states legal conclusions that require no response by Phoenix.  To the extent a response is required, Phoenix denies that 28 U.S.C. § 1400(b) provides a basis for venue, but otherwise admits that venue is proper in this judicial district.

## FACTUAL BACKGROUND

### A.     The Policies at Issue

19.     In response to the allegations of Paragraph 19 of the Complaint, Phoenix admits: that the policies at issue are of a product type known as universal life insurance; that universal life insurance generally combines a death benefit with a savings component sometimes described as cash value or accumulation value (the "policy value"); that the policy value generally increases as premiums are paid and interest is credited; that the policy value generally decreases as certain expenses and cost of insurance charges are debited; and that, at any given time, the policy value must be sufficient to cover the expenses and cost of insurance charges then due for

the policy to remain in-force.  Phoenix further states that the insurance policies at issue in this action speak for themselves and are the best evidence of their terms.  Phoenix lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' remaining allegations in Paragraph 19, and therefore denies those allegations.

20.     In response to the allegations in Paragraph 20 of the Complaint, Phoenix lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' generalized allegations pertaining either to the behavior and preferences of universal life insurance policy owners or to the practices of "fixed-premium" insurers, and therefore denies those allegations.  As to the vague allegation in the last sentence of Paragraph 20 regarding the manner in which Phoenix supposedly promoted "its flexible-premium policies in press releases," Phoenix states that the marketing language that Plaintiffs quote without citation in Paragraph 20 provides insufficient contextual information for Phoenix to form a belief as to the truth or falsity of the allegation, and Phoenix therefore denies the allegation.

21.     In response to the allegations of Paragraph 21 of the Complaint, Phoenix states that the insurance policies at issue in this action speak for themselves and are the best evidence of their terms.  Insofar as Plaintiffs' characterization of policy terms or features in Paragraph 21 is inconsistent with the actual terms or features of the policies, Phoenix denies such allegations.

22.     Paragraph 22 of the Complaint states legal conclusions that require no response by Phoenix.  To the extent that Plaintiffs attempt to characterize or draw inferences from legal authority cited in Paragraph 22, Phoenix states that the legal authority speaks for itself and therefore denies those allegations.  Insofar as Plaintiffs' characterization of policy terms or features as alleged in the last sentence of Paragraph 22 is inconsistent with the actual terms or

features of the policies, Phoenix states that the policies speak for themselves and are the best evidence of their terms, and therefore denies such allegations.

23.     In response to the allegations of Paragraph 23 of the Complaint, Phoenix states that the policies speak for themselves, and are the best evidence of their terms.  Insofar as Plaintiffs' characterization of policy terms or features in Paragraph 23 is inconsistent with actual terms or features of the Loeb Policy, Phoenix denies such allegations.

24.     In response to the allegations of Paragraph 24 of the Complaint, Phoenix states that the policies speak for themselves, and are the best evidence of their terms.  Insofar as Plaintiffs' characterization of policy terms or features in Paragraph 24 is inconsistent with actual terms or features of the Moss Policy, Phoenix denies such allegations.

25.     In response to the allegations in Paragraph 25 of the Complaint, Phoenix lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' vague allegation that the "relevant terms of all policies at issue in this litigation are substantively identical to those set forth in the Moss and Loeb Policies," and therefore denies that allegation. In response to the second sentence of Paragraph 25, Phoenix admits that the policies at issue are written on forms, and that some of the policy terms for the Moss Policy differ from those for the Loeb Policy.  Phoenix further states that the policies speak for themselves, and are the best evidence of their terms.  To the extent any response is required to Plaintiffs' legal conclusion in the third sentence of Paragraph 25, Phoenix denies that allegation.

**B.**      **Phoenix's Unlawful COI Increases**

**a.**      **The First Unlawful COI Increase**

26.     In response to the allegations in Paragraph 26 of the Complaint, Phoenix admits that beginning in March, 2010 it sent letters to owners of certain policies subject to a COI rate

increase, and further states that the form letter speaks for itself.  To the extent the allegations in Paragraph 26 excerpt, emphasize only a portion, or otherwise characterize the content of the letter in a manner that is inconsistent with the actual content of the letter, Phoenix denies such allegations.

27.     Phoenix denies any and all allegations contained in Paragraph 27 of the Complaint that imply that Phoenix breached any of its obligations under the policies or engaged in any wrongful conduct whatsoever.  Phoenix lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations in Paragraph 27 pertaining to the conduct of other insurers or the reactions of "policyholders and the life settlement industry," and therefore denies those allegations.  Phoenix further states that the policies speak for themselves, and are the best evidence of their terms.  Phoenix denies any characterization of policy terms or features in Paragraph 27 that is inconsistent with the actual terms or features of the policies.  Similarly, Phoenix's 2010 Form 10-K speaks for itself, and insofar as the allegations in Paragraph 27 excerpt, emphasize only a portion, or otherwise characterize the content of Phoenix's 2010 Form 10-K in a manner that is inconsistent with the actual content of Phoenix's 2010 Form 10-K, Phoenix denies those allegations.

28.     In response to the allegations in Paragraph 28 of the Complaint, Phoenix admits that approximately 700 policies, including the Loeb Policy, were subject to the COI rate increase by Phoenix and its affiliated company, PHL Variable Insurance Company.  In response to Plaintiffs' allegation in the second sentence of Paragraph 28 pertaining to Phoenix's supposed "refus[al] to disclose the precise methodology used to calculate the new COI rates, or even what those rate are," Phoenix denies that it has categorically refused to disclose any information but admits that it has declined some written requests to provide certain confidential information

concerning the first cost insurance rate increase, and that both the requests and Phoenix's written responses to such requests speak for themselves.  As to the remaining allegations in Paragraph 28, Phoenix lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' vague allegations pertaining to policy illustrations and calculations that appear to be based on an incomplete hypothetical, and therefore denies those allegations.

29.     The first sentence of Paragraph 29 of the Complaint states a legal conclusion that requires no response from Phoenix.  To the extent a response is required, Phoenix states that the policies speak for themselves and are the best evidence of their terms, and denies any characterization or interpretation of policy terms or features in Paragraph 29 that is inconsistent with the actual terms or features of the policies.  Phoenix further denies that the COI rate increase is contrary to the policies.  In response to Plaintiffs' vague allegations pertaining to other products or policies supposedly not subject to a cost of insurance rate adjustment, Phoenix lacks knowledge or information sufficient to form a belief as to truth or falsity of the inferences drawn by Plaintiffs, and therefore denies those allegations.  As to the remaining allegations in Paragraph 29, Phoenix denies that it breached any of its obligations under the policies or engaged in any wrongful conduct whatsoever, and specifically denies that it increased COI rates "in a discriminatory manner and based on improper factors."

30.     In response to the allegations in Paragraph 30 of the Complaint pertaining to Phoenix's purported statements during a 2010 conference call, Phoenix states that the transcript of that call speaks for itself.  Insofar as Plaintiffs' allegations characterize the call or infer information from the call that is inconsistent with actual statements as transcribed, Phoenix denies those allegations.

31.     In response to the allegations in Paragraph 31 of the Complaint, Phoenix admits that certain of the policies subject to a cost of insurance rate increase were also subject to an interest rate decrease.  Phoenix states that the policies speak for themselves and are the best evidence of their terms, and denies any characterization or interpretation of policy terms or features by Plaintiffs in Paragraph 30 to the extent such characterization or interpretation is inconsistent with the actual terms or features of the policies.  As to the remaining allegations in Paragraph 31, Phoenix denies that it breached any of its obligations under the policies or engaged in any wrongful conduct whatsoever, and specifically denies that it unfairly discriminated "between insureds of the same class with respect to any rates, terms, or conditions of a life insurance policy."

### b.     The Second Unlawful COI Increase

32.     In response to the allegations in Paragraph 32 of the Complaint, Phoenix admits that beginning in October, 2011 it sent letters to owners of certain policies subject to a COI rate adjustment, including the Moss Trust, and further states that the form letter speaks for itself.  To the extent the allegations in Paragraph 32 excerpt, emphasize only a portion, or otherwise characterize the content of the letter in a manner that inconsistent with the actual content of the letter, Phoenix denies such allegations.

33.     In response to the allegations in the first sentence of Paragraph 33 of the Complaint, Phoenix states that the policies speak for themselves and are the best evidence of their terms, and denies any characterization or interpretation of policy terms or features in Paragraph 29 that is inconsistent with the actual terms or features of the policies.  Phoenix denies that it breached any of its obligations under the policies or engaged in any wrongful conduct whatsoever, and specifically denies that either of the first or second cost of insurance rate

adjustments "discriminates unfairly within the same class of insureds" or is "targeted at certain owners . . . and policies procured through certain brokers."   In response to Plaintiffs' vague allegations pertaining to other products or policies supposedly not subject to a cost of insurance rate adjustment, Phoenix lacks knowledge or information sufficient to form a belief as to truth or falsity of the inferences drawn by Plaintiffs, and therefore denies those allegations.   Phoenix denies Plaintiffs' allegation in the final sentence of Paragraph 33 that "accumulated policy value" was a basis for the second cost of insurance rate adjustment.

34.     In response to the allegations in Paragraph 34 of the Complaint, Phoenix admits that approximately 1400 policies, including the Moss Policy, were subject to the second cost of insurance rate adjustment by Phoenix and its affiliated company, PHL Variable Insurance Company, but denies that the adjustment for all of these was an increase, and further denies that any policies were "targeted" by Phoenix.

35.     In response to the allegations in Paragraph 35 of the Complaint, Phoenix lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations pertaining to damage to the value of the Moss Policy or other policies subject to the second cost of insurance adjustment that was supposedly suffered as a result of the "mere announcement" of the second cost of insurance rate adjustment, and therefore denies those allegations.

## CLASS ACTION ALLEGATIONS

36.     In response to the allegations in Paragraph 36 of the Complaint, Phoenix admits that Plaintiffs purport to bring this action on behalf of themselves and two putative classes, but denies that the putative class defined in Paragraph 36 can be certified.

37.     In response to the allegations in Paragraph 37 of the Complaint, Phoenix admits that Plaintiffs purport to bring this action on behalf of themselves and two putative classes, but denies that the putative class defined in Paragraph 37 can be certified.

38.     The allegations in the first sentence of Paragraph 38 of the Complaint are legal conclusions to which no response is required  To the extent a response is required, Phoenix denies those allegations.  Phoenix lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation in the second sentence of Paragraph of 38 that the "identities and addresses of class members can be readily ascertained," and therefore denies that allegation.

39.     The allegations in Paragraph 39 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Phoenix denies the allegations.

40.     The allegations in Paragraph 40 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Phoenix denies the allegations.

41.     In response to the allegations in Paragraph 41 of the Complaint, Phoenix lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations concerning the knowledge and experience of the class counsel retained by the Loeb Trust and Moss Trust, and therefore denies those claims.

42.     The allegation in Paragraph 42 of the Complaint is a request of the Court that is contingent on certification of a class, and requires no response by Phoenix. To the extent a response is required, Phoenix states that because a putative class cannot be certified in this action, consideration by the Court of Plaintiffs' request in Paragraph 42 will not be necessary.

43.     The allegations in Paragraph 43 of the Complaint and its subparts are legal conclusions to which no response is required.   To the extent a response is required, Phoenix denies the allegations.

44.     The allegations in Paragraph 44 of the Complaint and its subparts are legal conclusions to which no response is required.   To the extent a response is required, Phoenix denies the allegations.

## FIRST CLAIM FOR RELIEF

### Breach of Contract (on behalf of both the First COI Increase Class and the Second COI Increase Class)

45.     Phoenix incorporates by reference its answers to Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.     The allegation in Paragraph 46 of the Complaint is a legal conclusion to which no response is required   To the extent a response is required, Phoenix lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation that "the subject policies are binding and enforceable contracts," and therefore denies that allegation.

47.     The allegations in Paragraph 47 of the Complaint and its subparts are legal conclusions to which no response is required.   To the extent a response is required, Phoenix denies the allegations.

48.     The allegations in Paragraph 48 of the Complaint are legal conclusions to which no response is required.   To the extent a response is required, Phoenix lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations that "Plaintiffs have performed all of their obligations under the policies, except to the extent that their obligations have been excused by Phoenix's conduct," and therefore denies those allegations.

49.     The allegations in Paragraph 49 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Phoenix denies the allegations.

50.     The allegations in Paragraph 50 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Phoenix denies the allegations contained in, and any entitlement to the relief requested in, Paragraph 50.

51-68.  The allegations in Paragraphs 51-68 of the Complaint correspond to claims for relief that, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, have been dismissed from this lawsuit for failure to state a claim upon which relief can be granted.  *See* May 2, 2012 Order at 10-23.  To the extent any response is required to the allegations in Paragraphs 51-68 of the Complaint, Phoenix denies those allegations.

## PRAYER FOR RELIEF

With respect to Plaintiffs' prayer for relief, Phoenix denies that Plaintiffs are entitled to any relief claimed in the "WHEREFORE" clause on page 21 of the Complaint, or to any relief whatsoever, from Phoenix.

## DEMAND FOR JURY TRIAL

Phoenix denies that Plaintiffs are entitled to a trial by jury.

## GENERAL DENIAL

Phoenix denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

As and for separate and affirmative defenses and avoidances to the Complaint, Phoenix alleges as follows; provided however, that by alleging the matters set forth in these defenses,

Phoenix does not thereby allege or admit that it has the burden of proof or persuasion with respect to any of these matters.

### First Affirmative Defense:
### (Failure to State a Cause of Action or Claim
### Upon Which Relief Can Be Granted)

The Complaint fails to state facts or allegations sufficient to constitute a cause of action or claim against Phoenix upon which relief can be granted.

### Second Affirmative Defense:
### (Estoppel)

The Complaint is barred by the conduct, actions and inactions of Plaintiffs and putative class members, which amount to and constitute an estoppel of the cause of action and any relief sought thereby.

### Third Affirmative Defense:
### (Waiver)

The Complaint is barred by the conduct, actions and inactions of Plaintiffs and putative class members, which amount to and constitute a waiver of any right or rights that Plaintiffs or putative class members may or might have in relation to the matters alleged in the Complaint.

### Fourth Affirmative Defense:
### (Consent)

By their own conduct, acts and omissions, Plaintiffs and putative class members consented and acquiesced to Phoenix's conduct.

### Fifth Affirmative Defense:
### (Failure to Mitigate)

Although Phoenix denies that Plaintiffs or putative class members have suffered any damage, loss, or harm as alleged in the Complaint, to the extent that Plaintiffs or putative class

members have suffered damage, loss, or harm, they have failed to mitigate that damage, loss, or harm.

### Sixth Affirmative Defense:
### (Ratification)

The Complaint is barred by the conduct, actions and inactions of Plaintiffs and putative class members under the doctrine of ratification.

### Seventh Affirmative Defense:
### (Inequitable Windfall)

Plaintiffs and putative class members have already received the benefit of their bargain.

### Eighth Affirmative Defense:
### (Adequate Remedies at Law)

Any prayer for equitable relief is barred because Plaintiffs and putative class members have adequate remedies at law.

### Ninth Affirmative Defense:
### (Filed Policy/Rate Doctrine)

The terms and conditions imposed with respect to the insurance that is the subject of the Complaint complied with all applicable statutes, regulations, and/or filed rates and policy forms. To the extent that the Complaint challenges the terms contained in policy forms accepted for those terms and conditions, it is barred as a matter of law since, among other things, it seeks to obtain a contract term other than that included in the filed and accepted forms.

### Tenth Affirmative Defense:
### (Primary or Exclusive Jurisdiction)

The Complaint, insofar as it relates to alleged conduct that is subject to the regulatory jurisdiction of one or more regulatory or administrative agencies or bodies, is subject to the exclusive or primary jurisdiction of those regulatory or administrative agencies.  Alternatively,

the claim is barred by the absence of any private right of action with regard to conduct submitted to the discretion of a regulatory or administrative agency or body.

### Eleventh Affirmative Defense:
### (Regulatory Approvals)

The Complaint is barred to the extent that state and federal agencies having jurisdiction over the business practices of Phoenix have approved those practices.

### Twelfth Affirmative Defense:
### (No Breach of Duty)

Phoenix denies that it or any of its agents, principals or representatives breached any duty or obligations allegedly owed to Plaintiffs or putative class members.

### Thirteenth Affirmative Defense:
### (Contractual Provisions and Conditions;
### Integration and Merger; Parol Evidence Rule)

The Complaint is barred by the integrated terms and conditions of the policies at issue in this action.

### Fourteenth Affirmative Defense:
### (Unclean Hands)

The Complaint is barred by the unclean hands of Plaintiffs and putative class members.

### Fifteenth Affirmative Defense:
### (Duty to Read)

The Complaint is barred, in whole or in part, because the alleged matters about which Plaintiffs complain were adequately disclosed to Plaintiffs and putative class members, and Plaintiffs and putative class members failed to read the documents that were provided to them that disclosed such matters.

### Sixteenth Affirmative Defense:
### (Statute of Frauds)

The Complaint is barred by the statute of frauds.

### Seventeenth Affirmative Defense:
### (No Measurable Harm)

The purported claims for damages made by Plaintiffs and putative class members are barred because, among other things, the damages sought are unrelated to any measurable harm.

### Eighteenth Affirmative Defense:
### (Payment, Accord and Satisfaction)

The Complaint is barred, in whole or in part, by payment or the doctrine of accord and satisfaction.

### Nineteenth Affirmative Defense:
### (Release)

The Complaint is precluded to the extent that Plaintiffs or putative class members previously released some or all of their claims.

### Twentieth Affirmative Defense:
### (No Proximate Causation)

Plaintiffs and putative class members are barred from any recovery for damages, restitution, or other monetary relief in connection with the Complaint because there is no causal connection between the alleged wrongdoing on the one hand, and any harm to Plaintiffs or putative class members on the other hand.

### Twenty-First Affirmative Defense:
### (Proportionate Reduction of Relief)

To the extent that other persons or entities, rather than Phoenix, are at fault with respect to the matters complained of herein, and/or the alleged harm or damages suffered, any recovery by Plaintiffs or putative class members should be reduced by the proportion of such harm or damages, if any, caused by said other persons or entities.

**Twenty-Second Affirmative Defense:**
**(Res Judicata and Collateral Estoppel)**

The Complaint is precluded by res judicata and/or collateral estoppel principles, to the extent there are prior actions raising the same claim and issues as are raised in this action, which prior actions were resolved after full and fair litigation.

**Twenty-Third Affirmative Defense:**
**(No Privity)**

The Complaint is precluded or limited to the extent there is no privity by Plaintiffs or putative class members to the policies at issue in this action.

**Twenty-Fourth Affirmative Defense:**
**(Illegality)**

The claims asserted in the Complaint are barred or limited with respect to any policies that are void or voidable under applicable public policy or state law.

**Twenty-Fifth Affirmative Defense:**
**(No Injury or Loss)**

The Complaint is barred because Plaintiffs and putative class members have not suffered injury in fact or lost money or property as a result of any alleged conduct by Phoenix.

**Twenty-Sixth Affirmative Defense:**
**(No Prejudgment Interest / Attorneys' Fees)**

Neither Plaintiffs nor putative class members are entitled to any award of prejudgment interest or attorneys' fees.

**Twenty-Seventh Affirmative Defense:**
**(Failure to Exhaust Administrative Remedies)**

The Complaint is barred, in whole or in part, for failure by Plaintiffs and putative class members to exhaust their administrative remedies.

**Twenty-Eighth Affirmative Defense:**
**(Ripeness)**

The Complaint is not ripe for adjudication.

**Twenty-Ninth Affirmative Defense:**
**(Voluntary Payment Doctrine)**

The Complaint is barred by the doctrine of voluntary payment.

**Thirtieth Affirmative Defense:**
**(Failure to Adhere To Contractual Conditions**
**and Failure of Consideration)**

The Complaint is barred, in whole or in part, with respect to any policies as to which Plaintiffs and putative class members failed to adhere to and perform contractual conditions and/or failed to provide the full consideration as required by such policies.

**Thirty-First Affirmative Defense:**
**(Standing)**

Plaintiffs lack standing to sue on behalf of other putative class members.

**Thirty-Second Affirmative Defense:**
**(Class Prerequisites Not Met)**

With respect to each putative class, the Complaint's class action allegations should be dismissed because Plaintiffs are unable to demonstrate the requisite class interest to maintain a class action, or to otherwise meet the requisite elements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

**Thirty-Third Affirmative Defense:**
**(Other Defenses)**

Phoenix reserves the right to amend or supplement its affirmative defenses to include any defenses of which it is not presently aware.

**WHEREFORE**, Phoenix prays for judgment as follows:

1.     That Plaintiffs and the putative class members take nothing by the Complaint against Phoenix;

2.     That the Complaint be dismissed with prejudice;

3.     That Phoenix recovers its reasonable expenses and costs herein; and

4.     For such other and further relief as the Court deems just and proper.

Dated:  Washington, DC
        May 25, 2012

By: /s/ Waldemar J. Pflepsen, Jr.
    Waldemar J. Pflepsen Jr. (*pro hac vice*)
    Stephen J. Jorden (SJ-5009)
    Jason H. Gould (JG-2012)
    Brian P. Perryman (*pro hac vice*)
    JORDEN BURT LLP
    1025 Thomas Jefferson Street, N.W., Suite 400 East
    Washington, DC 20007
    (202) 965-8100
    wjp@jordenusa.com
    sj@jordenusa.com
    jhg@jordenusa.com
    bpp@jordenusa.com

Patrick J. Feeley (PF-4931)
Jonathan R. Montcalm (JM-8866)
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, New York 10019
(212) 415-9200
feeley.pat@dorsey.com
montcalm.jonathan@dorsey.com

*Attorneys for Defendant*
*Phoenix Life Insurance Company*

250191

22