UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | : | ECF Case |
| MARTIN FLEISHER, as trustee of the Michael Moss Irrevocable Life Insurance Trust II, and JONATHAN BERCK, as trustee of the John L. Loeb, Jr. Insurance Trust, on behalf of themselves and all others similarly situated, | : : : : : | Case No. 11 Civ. 8405 (CM) **DECLARATION OF JASON H. GOULD IN SUPPORT OF DEFENDANT PHOENIX LIFE** |
| Plaintiffs, | : : | **INSURANCE COMPANY'S OPPOSITION TO PLAINTIFFS'** |
| vs. | : : | **MOTION TO COMPEL TOWERS WATSON TO** |
| PHOENIX LIFE INSURANCE COMPANY, | : : | **PRODUCE DOCUMENTS IN COMPLIANCE WITH** |
| Defendant. | : : : | **SUBPOENA FOR DOCUMENTS DUE JULY 23, 2012** |

I, Jason H. Gould, declare as follows:

1.      I am a member of the New York and District Columbia bars, and am a member of the bar of this Court.  I am a partner with the law firm of Jorden Burt LLP.

2.      I am one of the counsel representing defendant Phoenix Life Insurance Company in the above-captioned action.  I also represent a Phoenix affiliate, defendant PHL Variable Insurance Company, in two related actions pending in this Court, *U.S. Bank National Association, as securities intermediary for Lima Acquisition LP v. PHL Variable Insurance Co.*, No. 12 Civ. 6811, and *Tiger Capital, LLC v. PHL Variable Insurance Co.*, No. 12 Civ. 2939.

3.      I submit this declaration in support of Phoenix's opposition to plaintiffs' motion to compel Towers Watson to produce documents in compliance with subpoena for documents due July 23, 2012 (ECF No. 39).  I have personal knowledge of the facts set forth below and, if called upon to do so, could testify competently thereto.

4.      Several weeks after counsel for Towers Watson informed Plaintiffs, in late-September, 2012, that Towers Watson had provided counsel for Phoenix with access to the

documents responsive to the subpoena and that Phoenix had indicated that it would likely assert privileges as to most or all of the documents, counsel for Plaintiffs asked Phoenix for an update on the status of the Towers Watson documents.

5.     Following an exchange of emails, the parties conferred telephonically on October 23, 2012 to address all outstanding discovery issues, including Plaintiff's numerous discovery deficiencies.  During that call, Phoenix reiterated its assertion that the Towers Watson documents were likely privileged, and pledged to provide documents in support of its assertion.

6.     On November 1, 2012, counsel for Plaintiffs sent counsel for Phoenix an email concerning the prioritization of document production, confirming what counsel for Phoenix had said about the production of Towers Watson documents and questioning the applicability of any privileges therein.

7.     In its November 9, 2012 email response, counsel for Phoenix again stated, "[a]s discussed on our 10/23 call, we will provide documents sufficient to show that the entire Towers Watson engagement is privileged.  To the extent any other non-privileged communications with third parties (including actuarial firms) relating to the COI adjustments exist, PLIC will produce these documents." *See* Declaration of Seth Ard ("Ard Decl."), Ex. K.

8.     Counsel for Plaintiffs responded on the evening of November 14, 2012, complaining that Plaintiffs had not received any Towers Watson material in the three weeks since the comprehensive call on October 23.

9.     Counsel for Phoenix responded the next day stating that "many [documents not yet received by Plaintiffs] will also be included in our next production that we anticipate making near the end of this month" and proposing a meet-and-confer telephone call.

10.     Rather than address the November 15 email from Phoenix's counsel, Plaintiffs sent a written request to the Court requesting judicial intervention on Phoenix's rolling production of its own documents.

11.     On November 19, 2012 Phoenix's counsel wrote to plaintiffs' counsel, again emphasizing Phoenix's "desire[] to work with you on a mutually acceptable production timeline that would avoid formal motion practice with the Court" and reiterating Phoenix's proposal for "a meet-and-confer discussion as soon as possible to discuss the various document issues you (and PLIC) have raised . . .."

12.     Rather than engage in any dialogue, Plaintiffs filed the instant motion on the evening of November 19, 2012.

13.     Plaintiffs' motion to compel is premature.  At the time their motion was filed on the evening of November 19, 2012, Phoenix had told Plaintiffs' counsel that it would soon produce materials and information supporting its claim of privilege with respect to the Towers Watson documents and had also pledged that it would make an extensive production before the end of the month (November).

14.     Before plaintiffs' filed their motion to compel, Phoenix was in the process of completing its privilege log with respect to the Towers Watson documents, and was preparing an email to Plaintiffs' counsel offering certain documents with the agreement that producing them did not waive any otherwise applicable privileges.  This email was sent to Plaintiffs on November 28, 2012.

15.     Phoenix sent counsel for Plaintiffs a copy of the privilege log concerning the Towers Watson documents on December 5, 2012.

16.     A true and correct copy of the October 15, 2012 email from Steven Sklaver to Jason Gould is attached hereto as Exhibit A.

17.     A true and correct copy of the November 1, 2012 email from Steven Sklaver to Jason Gould is attached hereto as Exhibit B.

18.     A true and correct copy of the November 14, 2012 email from Steven Sklaver to Jason Gould is attached hereto as Exhibit C.

19.     A true and correct copy of the November 15, 2012 email from Jason Gould to Steven Sklaver is attached hereto as Exhibit D.

20.     A true and correct copy of the November 16, 2012 letter from Steven Sklaver to Hon. Colleen McMahon is attached hereto as Exhibit E.

21.     A true and correct copy of the November 19, 2012 email from Jason Gould to Steven Sklaver is attached hereto as Exhibit F.

22.     A true and correct copy of the November 28, 2012 email from Jason Gould to Steven Sklaver is attached hereto as Exhibit G.

23.     A true and correct copy of the December 5, 2012 letter from Jason Gould to Steven Sklaver is attached hereto as Exhibit H.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: Washington, DC
       December 5, 2012

                                             Jason H. Gould

4