# GOULD DECL. EXHIBIT H

# JORDEN BURT

1025 Thomas Jefferson Street, N.W.  
Suite 400 East  
Washington, D.C. 20007-5208  
(202) 965-8100  
Fax: (202) 965-8104

777 Brickell Avenue  
Suite 500  
Miami, FL 33131-2803  
(305) 371-2600  
Fax: (305) 372-9928

175 Powder Forest Drive  
Suite 301  
Simsbury, CT 06089-9658  
(860) 392-5000  
Fax: (860) 392-5058

JASON H. GOULD  
(202) 965-8182  
JHG@JORDENUSA.COM

December 5, 2012

**Via Electronic Mail**

Steven G. Sklaver, Esq.  
SUSMAN GODFREY LLP  
1901 Avenue of the Stars  
Suite 950  
Los Angeles, CA 90067

Re: *Fleisher, et al. v. Phoenix Life Insurance Company,*  
No. 11-cv-8405 (CM) (JCF) (S.D.N.Y.)

Dear Steven:

As you are aware from our recent and ongoing discussion, Phoenix's position is that documents concerning its engagement of Towers Watson are privileged and/or protected as attorney work-product. The purpose of this letter is to share with you the basis for Phoenix's position by enclosing, as you requested, a privilege log and a copy of the engagement letter, as well as by providing a brief narrative of the pertinent factual circumstances surrounding the creation of the Towers documents.[1] Notwithstanding your filing of a motion to compel Towers Watson to produce documents without the benefit of these facts when the parties were not at an impasse with respect to documents concerning the Towers Watson engagement and Phoenix was in the process of preparing the enclosed privilege log, Phoenix remains willing to meet and confer with plaintiffs to resolve the dispute over this issue.

Beginning in July 2009, the Company created a working group in connection with its contemplated cost of insurance rate increase. [REDACTED]

---

[1] You agreed in our telephone conference on December 3, 2012 that Phoenix's provision of a copy of the engagement letter and discussion of such background information is without waiver of its right to claim privilege and/or work-product protection over any and all information and documents relating to its engagement of Towers Watson, which right is hereby expressly reserved.



Steven G. Sklaver, Esq.
December 5, 2012
Page 2

███████████████████████████████████████

To say that the Company's engagement of Towers Watson was "to provide additional actuarial support for a business decision," as your clients erroneously state in the opening memorandum in support of their motion to compel, is inaccurate. Towers Watson was retained ███████████████████████████████████████ As such, all documents pertaining to the Company's engagement of Towers Watson are work-product, and in some cases contain or reflect privileged communications that would provide an additional, independent basis for withholding or redaction.

Set forth below is a log listing documents in Towers Watson's custody that are subject to the protection of the work product doctrine, some of which contain or reflect privileged communications. Consistent with Local Rule 26.2(c), we list categories of documents sharing the same basis for privilege and/or work-product protection in lieu of listing each document individually.

| Category | Date Range | Signatory / Author / Preparer | Addressee(s) / Recipients | Document Type(s) | Description and Subject Matter |
|---|---|---|---|---|---|
| ███ | ███ | ███ | ███ | ███ | ███████████████ |
| ███ | ███ | ███ | ███ | ███ | ███████████████ |

# JORDEN BURT

Steven G. Sklaver, Esq.
December 5, 2012
Page 3



# JORDEN BURT

Steven G. Sklaver, Esq.
December 5, 2012
Page 4



Please note that this privilege log reflects only the Towers Watson documents responsive to plaintiffs' subpoena that have been made available to Phoenix and, as such, does not identify all documents concerning the Towers Watson engagement for which Phoenix intends to claim privilege, work-product protection, or both. In connection with plaintiffs' discovery requests, we are still in the process of reviewing Phoenix's own documents relating to the Towers Watson engagement, and will provide a privilege log additionally listing those documents and categories of documents once our review is complete.

Sincerely,

Jason H. Gould
*Counsel for Phoenix Life Insurance Company*

Enclosure:
As stated

cc:   Paul A. Meyer, Esq. (w/encl.)

256527