UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARTIN FLEISHER, as trustee of the Michael Moss Irrevocable Life Insurance Trust II, and JONATHAN BERCK, as trustee of the John L. Loeb, Jr. Insurance Trust, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> PHOENIX LIFE INSURANCE COMPANY, <br><br> Defendant. | ECF Case <br><br> Case No. 11 Civ. 8405 (CM) |

**MEMORANDUM IN SUPPORT OF MOTION
FOR STAY OF ORDER PENDING RULING ON OBJECTION**

Defendant Phoenix Life Insurance Company ("Phoenix") hereby moves for the entry of a temporary stay of this Court's January 3, 2013 Memorandum and Order (the "Order") pending a ruling on the objection to that order filed by Phoenix with the District Court (Docket No. 94), as granting this stay could prevent irreparable harm to Phoenix without prejudicing plaintiffs' rights.

On November 20, 2012, plaintiffs moved to compel production of documents identified in a subpoena to Towers Watson.  (Docket No. 45).  Both Phoenix and Towers Watson filed briefs opposing plaintiffs' motion on the grounds that the requested documents were protected by the attorney-client and work-product privileges.  (Docket Nos. 53, 56).  On January 3, 2013, this Court issued the Order granting plaintiffs' motion to compel (Docket No. 77), and on January 30, 2013, following the Court's denial of Phoenix's reconsideration application, Phoenix filed its objections to the Order pursuant to Pursuant to Fed. R. Civ. P. 72(a).  (Docket No. 94).

Courts routinely stay enforcement of discovery orders in order to prevent the potential harm inherent to the production of arguably privileged documents. *See Pkfinans Int'l Corp. v. IBJ Schroder Leasing Corp.*, No. 93 Civ. 5375, 1996 WL 554574, at *1 (S.D.N.Y. Sep. 30, 1996) ("we are loathe to require defendant to make a production of documents that would effectively deprive it of its right to seek review"); *Zander v. Craig Hospital*, No. 09 Civ. 02121, 2010 WL 908756, at *1-2 (D. Col. Mar. 10, 2010) ("irreparable harm could result if a stay is not granted"); *Weirton Steel Corp. Liquidating Trust v. Zurich Specialties London, Ltd.*, No. 07 Civ. 122, 2009 WL 357888, at *3 (N.D.W.Va. Feb. 12, 2009); *Nowak v. Lexington Ins. Co.*, No. 05 Civ. 21682, 2006 WL 3613760, at *2 (S.D. Fla. Jun. 22, 2006).

In this case, Phoenix would suffer irreparable harm if the disputed documents are produced and it is later determined that their production violated Phoenix's privileges. On the other hand, if a temporary stay is granted and the District Court later finds that the disputed documents should be produced, plaintiffs' rights will not be prejudiced, as there is no imminent schedule deadline or other exigency requiring that plaintiffs access the subject documents immediately, and their production to plaintiffs will have been only briefly delayed.

For these reasons, Phoenix respectfully requests that this Court enter an order temporarily staying its January 3, 2013 Memorandum and Order, pending the District Court's ruling on the objection to that order filed by Phoenix.

Dated: Washington, DC
       February 1, 2013

Respectfully submitted,

By: /s/ Waldemar J. Pflepsen, Jr.
    Waldemar J. Pflepsen Jr. (*pro hac vice*)
    Stephen J. Jorden (SJ5009)
    Jason H. Gould (JG2012)
    Brian P. Perryman (*pro hac vice*)
    JORDEN BURT LLP
    1025 Thomas Jefferson Street, N.W.
    Suite 400 East
    Washington, DC  20007
    (202) 965-8100
    wjp@jordenusa.com
    sj@jordenusa.com
    jhg@jordenusa.com
    bpp@jordenusa.com

*and*

Patrick J. Feeley (PF4931)
Jonathan R. Montcalm (JM8866)
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY  10019
(212) 415-9200
feeley.pat@dorsey.com
montcalm.jonathan@dorsey.com

*Attorneys for Defendant*
*Phoenix Life Insurance Company*