UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national association, as securities intermediary for LIMA ACQUISITION LP, <br><br> Plaintiff, <br><br> vs. <br><br> PHL VARIABLE INSURANCE COMPANY, <br><br> Defendant. | Filed Electronically <br><br><br><br> Case No. 12 Civ. 6811 (CM) (JCF) |
| MARTIN FLEISHER, as trustee of the Michael Moss Irrevocable Life Insurance Trust II, and JONATHAN BERCK, as trustee of the John L. Loeb, Jr. Insurance Trust, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> PHOENIX LIFE INSURANCE COMPANY, <br><br> Defendant. | <br><br><br><br><br> Case No. 11 Civ. 8405 (CM) (JCF) |
| TIGER CAPITAL, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> PHL VARIABLE INSURANCE COMPANY, <br><br> Defendant. | <br><br> Case No. 12 Civ. 2939 (CM) (JCF) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO CLARIFY THE SCOPE OF THIS COURT'S JANUARY 3 ORDER AND FOR A PROTECTIVE ORDER TO LIMIT SHARING OF TOWERS WATSON SUBPOENA PRODUCTION**

## TABLE OF CONTENTS

                                                        **Page**

INTRODUCTION ............................................................................................................................. 1

    I.       Factual and Procedural Background ................................................................... 2

            A.       The January 3rd Order ............................................................................. 2

            B.       Towers Watson Documents Provided To Phoenix Life For Review After The January 3rd Order ................................................................... 3

            C.       Phoenix's Assertion of Privilege and Work Product After The January 3rd Order ..................................................................................... 4

            D.       The Court's April 3, 2013 Order and Sharing of Documents Under The Protective Order ................................................................................ 4

    II.      Argument ............................................................................................................. 6

            A.       The January 3rd Order Regarding The Towers Watson Subpoena Does Not Compel Production Of Documents In Phoenix Life or PHL's Possession. ..................................................................................... 6

            B.       The January 3rd Order Does Not Apply To Documents First Made Available To Phoenix Life For Review After The Entry Of That Order. ........................................................................................................ 7

            C.       The *Fleisher* Plaintiffs Should Not Be Allowed To Share With Parties In The Related Actions The Waiver Documents Over Which Phoenix Life Has Asserted A Claim Of Privilege. ......................... 8

CONCLUSION ................................................................................................................................ 9

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Chesapeake Energy Corp. v. Bank of New York Mellon Trust Co., N.A.*, No. 13 Civ.
  1582(PAE), 2013 WL 1609250 (S.D.N.Y. Apr. 15, 2013) ........................................................ 7

*Chevron Corp. v. Salazar*, 275 F.R.D. 437 (S.D.N.Y. 2011) ......................................................... 8

*Favors v. Cuomo*, 285 F.R.D. 187 (E.D.N.Y. 2012) ..................................................................... 7

Gov't Guar. Fund of Repub. of Finland v. Hyatt Corp., 182 F.R.D. 182 (D.V.I. 1998) ................ 9

*In re Grand Jury Proceedings*, 219 F.3d 175 (2d Cir. 2000) .................................................... 6, 7

*In re Parmalat Sec. Litig.*, No. 04 MD 1653(LAK)(HBP), 2006 WL 3592936
  (S.D.N.Y. Dec. 1, 2006) ........................................................................................................... 9

*Maness v. Meyers*, 419 U.S. 449 (1975) ........................................................................................ 9

*Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, No. 05 Civ.
  9016(SAS), 2009 WL 2921302 (S.D.N.Y. Sept. 8, 2009) ........................................................ 8

*Rattner* v. *Netburn,* No. 89 CV 2080 (GLG), 1989 WL 223059 (S.D.N.Y. June 20, 1989) .......... 9

*Shields v. Sturm, Ruger & Co.*, 864 F.2d 379 (5th Cir. 1989) ........................................................ 8

**STATUTES**

Fed. R. Civ. P. 45(a)(1)(iii) ............................................................................................................ 6

INTRODUCTION

Defendants Phoenix Life Insurance Company ("Phoenix Life") and PHL Variable Insurance Company ("PHL") (Phoenix Life and PHL collectively "Phoenix") hereby move[1] for the entry of an order addressing the following:

First, to clarify that the January 3, 2013 Memorandum and Order of this Court (the "January 3rd Order"), requiring Towers Watson to produce documents in its possession (the "Waiver Documents") does not also require the production of documents relating to the Towers Watson engagement possessed by Phoenix Life or PHL;

Second, to clarify that the January 3rd Order does not require Towers Watson to produce any documents, as to which objections of privilege and work product protection are asserted, that were not made available for Phoenix Life's review prior to the Court's Order; and

Third, to preclude plaintiffs in *Fleisher* from sharing the Waiver Documents with third-parties, including but not limited to the parties in *Tiger Capital, LLC v. PHL Variable Life Insurance Company*, Case No. 12 Civ. 2939 ("*Tiger*") and *U.S. Bank National Association v. PHL Variable Insurance Company*, Case No. 12 Civ. 6811 ("*U.S. Bank*") (together with *Fleisher v. Phoenix Life Insurance Company*, Case No. 11 Civ. 8405 ("*Fleisher*") the "Related Actions").

This motion does not seek an order as to the validity of Phoenix's privilege or work product assertions, or a ruling as to any other independent ground for compelling the production of documents that plaintiffs in the Related Actions may raise in a motion to compel. Since the Court's January 3rd Order, Phoenix has provided and will continue to provide comprehensive privilege logs to counsel in all of the coordinated actions. Phoenix will provide additional

---

[1] Phoenix Life Insurance Company is the defendant in *Fleisher*. PHL Variable Insurance Company is the defendant in *U.S. Bank* and *Tiger*.

1

argument, with evidence as appropriate, to support its claims of privilege and work product to the Court if and to the extent those claims are subject to motion practice following the parties' meet-and-confer efforts.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

   A.   **The January 3rd Order**

On June 20, 2012, the *Fleisher* plaintiffs served Towers Watson with a subpoena to produce documents (the "*Fleisher* subpoena"). *See* Ex. A. Towers Watson objected to this subpoena on numerous grounds, including that it was overbroad, unduly burdensome, and oppressive, and that it sought documents that were privileged or protected by the work product doctrine. Letter from Paul Meyer to Seth Ard (July 2, 2012). While discussions between *Fleisher* counsel and Towers Watson concerning the scope and terms of any production continued, on September 26, 2012, Towers Watson gave Phoenix Life access to a set of documents responsive to the *Fleisher* subpoena to allow Phoenix Life to review the documents and assert applicable privileges and other protections from disclosure. On November 20, 2012, the *Fleisher* plaintiffs moved to compel Towers Watson to produce documents responsive to the *Fleisher* subpoena. *Fleisher* Dkt. # 45.

Both Phoenix Life and Towers Watson filed briefs opposing this motion on the basis that these documents were privileged or protected by the work product doctrine. *Id.* ## 53, 56 (also objecting on the grounds that agreement was needed regarding cost shifting and the order, process and methodology of production by Towers Watson before any documents were produced). On January 3, 2013, this Court issued an order compelling the production of the Waiver Documents (the "January 3rd Order"). *Id.* # 77. On January 14, 2013, Phoenix Life moved for reconsideration of the January 3rd Order. *Id.* # 88. This Court denied Phoenix Life's motion two days later. *Id.* # 93. On January 30, 2013, Phoenix Life filed its objections to the

2

January 3rd Order pursuant to Fed. R. Civ. P. 72(a). *Id.* # 94. On June 3, 2013, Judge McMahon denied this objection. *Id.* # 117.

> **B. Towers Watson Documents Provided To Phoenix Life For Review After The January 3rd Order**

On January 18, 2013, more than two weeks after this Court issued the January 3rd Order, and before Judge McMahon's ruling denying Phoenix Life's objections, Towers Watson provided Phoenix Life with access to additional documents (primarily emails) it had collected in its continuing effort to identify documents potentially responsive to the *Fleisher* subpoena. *See* Email from Paul Meyer to Steven Sklaver (Jan. 18, 2013), attached hereto as Exhibit B; Email from Paul Meyer to Jason Gould (Jan. 18, 2013), attached hereto as Exhibit C. This collection of documents was neither identified nor made available to Phoenix Life for review before January 18, 2013. After Phoenix Life completed its review of the January 18th documents, on February 28, 2012, it promptly served a privilege log specifically identifying and describing the documents in this second set that were privileged or protected work product and the grounds therefore. *See* Letter from Waldemar Pflepsen to Steven Sklaver (Feb. 28, 2013), attached hereto as Exhibit D. At the same time, PHL provided plaintiff in *U.S. Bank* with a privilege log with respect to the same documents.[2]

In the letter accompanying the privilege log provided to the *Fleisher* plaintiffs, Phoenix Life stated its position that Towers Watson was required to produce only those documents made available to Phoenix Life prior to the entry of the January 3rd Order, because the Court's rationale for compelling the production of the Waiver Documents would not apply to documents that Phoenix Life had not had the opportunity to review at the time of the Order. Counsel for the

---

[2] It has come to the attention of Phoenix Life that plaintiffs and Towers Watson are still negotiating over the possible production of yet additional documents, which have not yet been made available for review by Phoenix Life, as to which Phoenix Life would intend to assert applicable privileges, if any, upon having the opportunity to do so.

3

*Fleisher* plaintiffs have disagreed with Phoenix Life's position on this second set of Tower Watson documents and stated that they would move to compel the production of these documents if Towers Watson did not produce them.

### C. Phoenix's Assertion of Privilege and Work Product After The January 3rd Order

Since the Court's January 3rd Order, Phoenix Life has provided to counsel in *Fleisher* comprehensive privilege logs to support its claims of privilege and work product for documents in its possession and Towers Watson's possession. In *Tiger*, the plaintiff has not issued a subpoena requesting documents from Towers Watson. In *U.S. Bank*, the plaintiff issued a subpoena to Towers Watson on November 20, 2012, the same day that the *Fleisher* motion to compel was filed. *See* Ex. E. Towers Watson and PHL both provided written objections to this subpoena within two weeks. On December 7, 2012, PHL provided counsel for plaintiff in *U.S. Bank* with a letter explaining PHL's position as to why documents related to Phoenix's engagement of Towers Watson were protected by the attorney-client privilege or work product doctrine. PHL, on February 28, 2013, then provided U.S. Bank with an updated privilege log regarding all the Towers Watson documents that had been made available to it for review.

The parties in each of the cases are at different stages of meeting and conferring over a variety of issues relating to privilege claims, some of which relate to the Towers Watson documents, and this motion is not seeking a preemptive order as to the issues being addressed therein.

### D. The Court's April 3, 2013 Order and Sharing of Documents Under The Protective Order

The Court has designated *Tiger*, *U.S. Bank*, and *Fleisher* as related actions, facilitating cooperation by the parties in these cases in discovery, and issued a Consolidated/Second Amended Stipulated Protective Order Governing The Production and Exchange of Confidential

4

Information.  *Fleisher* Dkt. # 118; *see also id.* # 74.  This order provides a means by which parties may designate documents produced in discovery as "Confidential."  *Fleisher* Dkt. # 118 ¶ 3.  It does not specifically order that the parties in the Related Actions share all documents they receive in discovery with one another, but it also does not specify the circumstance under which such sharing may be prohibited.  In its February 28, 2013 letter, Phoenix Life informed the *Fleisher* plaintiffs that "any documents Towers Watson produces in response to the *Fleisher* subpoena consistent with the January 3rd Order may not be shared with parties in any other litigation, including the related cases."  Ex. D.  After counsel for the *Fleisher* plaintiffs responded that they disagreed with this position,  Phoenix Life raised this issue with the Court by letter on April 3, 2013.  *Fleisher* Dkt. # 115.  That same day, in response to Phoenix Life's letter, this Court made clear that "[t]he January 3, 2013 Order applies only to the Fleisher action," but it did not explicitly address the sharing of documents under the Protective Order.  *Fleisher* Dkt. # 115.³

The interpretation of the January 3rd Order has led to disagreements between Phoenix Life and the *Fleisher* plaintiffs regarding two issues: (1) whether Phoenix Life must produce documents in its possession related to its retention of Towers Watson; (2) whether Towers Watson must produce the documents it had not made available to Phoenix Life for review prior to the January 3rd Order.  Plaintiffs' Counsel in *Fleisher* has advised both Towers Watson and Phoenix Life of their view that the Court's January 3rd Order, affirmed by Judge McMahon, declared invalid all claims of privilege or work product for **any** document concerning the Towers

---

³ The Court also noted that "absent a substantial basis for distinguishing the related cases, any motion practice resulting from a failure to follow it in those cases shall be sanctionable." Phoenix Life believes that there is a substantial basis for distinguishing the manner in which Phoenix Life asserted privilege and work product in *U.S. Bank* and *Tiger*.

Watson engagement, and requires that Towers Watson *and Phoenix Life* produce all such documents in their possession.

In addition, the plaintiffs in the Related Actions disagree with Phoenix Life and PHL that privileged documents to be produced pursuant to the January 3rd Order should not be shared with the plaintiffs in *Tiger* and *U.S. Bank*.

## II. ARGUMENT

### A. The January 3rd Order Regarding The Towers Watson Subpoena Does Not Compel Production Of Documents In Phoenix's Possession.

The January 3rd Order granted plaintiffs' motion to compel Towers Watson to comply with the *Fleisher* subpoena, which was directed solely to Towers Watson. Such compliance, which requires Tower Watson to produce documents that are in its possession, custody, or control, *see* Fed. R. Civ. P. 45(a)(1)(iii), does not address documents that were outside Towers Watson's custody and not at issue before the Court in connection with the January 3rd Order.

Nonetheless, counsel for plaintiffs in *Fleisher* has taken the position that the January 3rd Order requires the production of Phoenix's own documents regardless of the appropriateness of the logs Phoenix Life has provided, which separately and specifically describe the documents in Phoenix's possession withheld or redacted on the basis of privilege or work product claims. Phoenix Life believes this interpretation of the January 3rd Order is inaccurate and would result in manifest unfairness.

Plaintiffs' counsel's position effectively is that the January 3rd Order amounted to a finding of broad "subject matter waiver" of the sort courts might impose when a party puts the contents of confidential communications at issue or intentionally discloses portions of privileged communications, while withholding others, in an inappropriate attempt to use the privilege as both "a shield and a sword." *See In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir.

6

2000); *Favors v. Cuomo*, 285 F.R.D. 187, 200 (E.D.N.Y. 2012). Such a broad subject matter waiver is only imposed if fairness requires it – i.e., if the opposing party will be prejudiced without it. *See In re Grand Jury Proceedings*, 219 F.3d at 182-183; *Chesapeake Energy Corp. v. Bank of New York Mellon Trust Co., N.A.*, No. 13 Civ. 1582(PAE), 2013 WL 1609250, at *6 (S.D.N.Y. Apr. 15, 2013).

In this case, there is no threat of unfairness to the *Fleisher* plaintiffs. Rather than voluntarily disclosing these confidential documents as a sword, Phoenix Life is seeing them disclosed over its strong objections by order of this Court. Thus, Phoenix Life will not gain, and has not sought, any advantage from their disclosure, nor will the *Fleisher* plaintiffs be prejudiced by limiting that disclosure to those documents in Towers Watson's possession.

### B. The January 3rd Order Does Not Apply To Documents First Made Available To Phoenix Life For Review After The Entry Of That Order.

The *Fleisher* plaintiffs' position that the January 3rd Order applies to documents subpoenaed from Towers Watson that were not provided to Phoenix Life prior to the January 3rd Order is not supported by the Order or by law. The January 3rd Order was based on a finding that Phoenix Life forfeited its claims of privilege over the Waiver Documents "by failing to submit a sufficient privilege log and to assert adequate, timely objections," and that therefore "both the final Towers Watson report and the related documents must be produced." *Fleisher* Dkt. #77 at 10.[4] The Court's Order was entered as a remedial measure to address the Court's

---

[4] The January 3rd Order also includes the statement that "even if Phoenix Life had not forfeited its claims of privilege and work product, it has failed to establish them." *Fleisher* Dkt. #77 at 9. This, like the holding regarding waiver, resulted from Phoenix Life's purported failure to adequately document its objections. *See id.* (questioning whether the documents that Phoenix Life provided for *in camera* review were "in any way representative"). For the same reasons discussed above, it would be patently unfair to apply this aspect of the January 3rd Order to force the disclosure of documents that Phoenix Life had no opportunity to review, and thus no chance to include in its arguments, prior to that order.

7

finding that Phoenix Life failed timely to provide a detailed privilege log as to documents Towers Watson had provided prior to the briefing that led to the January 3rd Order.

It would be unfair to extend that ruling, without proof of subsequent deficiencies in Phoenix Life's assertion of privilege, to deprive Phoenix Life of the right to assert privilege as to documents to which ***it did not have access until more than two weeks after that order was issued***. *Cf. Chevron Corp. v. Salazar*, 275 F.R.D. 437, 450 (S.D.N.Y. 2011) (limiting application of waiver imposed by court to documents in existence on date of court's order as there was "no justification for interpreting the . . . waiver to encompass documents that did not exist at the time it was imposed"). Moreover, Phoenix Life ***has*** provided a detailed Privilege Log to plaintiff in *Fleisher* as to these later-provided documents.

### C. The *Fleisher* Plaintiffs Should Not Be Allowed To Share With Parties In The Related Actions The Waiver Documents Over Which Phoenix Life Has Asserted A Claim Of Privilege.

Although the Court has made clear that the January 3rd Order applies only in *Fleisher*, the issue of sharing documents with parties in other actions has not been directly addressed, so Phoenix Life seeks a protective order preventing the *Fleisher* plaintiffs from sharing the Waiver Documents with any non-parties to the *Fleisher* action, including plaintiffs in *Tiger* and *U.S. Bank*.

As with the Court's April 3rd Order, courts consistently hold that production of privileged materials in one action pursuant to a court order does not constitute a waiver of privilege for other lawsuits. *See, e.g.*, *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989) ("When a party is compelled to disclose privileged work product and does so only after objecting and taking other reasonable steps to protect the privilege, one court's disregard of the privileged character of the material does not waive the privilege before another court."); *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, No. 05 Civ. 9016(SAS),

8

2009 WL 2921302, at *1 (S.D.N.Y. Sept. 8, 2009) ("The attorney-client privilege is waived by any voluntary disclosure, meaning, among other things, that the documents were not produced pursuant to judicial compulsion.").[5]

Phoenix Life should, therefore, be allowed the opportunity to assert its privilege claims regarding the Waiver Documents in *Tiger*, *U.S. Bank*, or any other current or future lawsuits. Phoenix Life's right to assert these privileges will be rendered illusory if the *Fleisher* plaintiffs are allowed to share these documents with the plaintiffs in *Tiger* and *U.S. Bank*. The Supreme Court has held that the forced release of confidential information may cause irreparable harm, as it is not possible to "'unring the bell' once the information has been released." *Maness v. Meyers*, 419 U.S. 449, 460 (1975). In this case, Phoenix Life would suffer just such irreparable harm if the disputed documents are shared with the parties in *Tiger* and *U.S. Bank*. Thus, for Phoenix Life's right to assert a privilege in the Waiver Documents in other cases to be meaningful, the *Fleisher* plaintiffs must not be allowed to share these documents with the parties in *Tiger* and *U.S. Bank*, or with anyone else.

## CONCLUSION

For the reasons stated above, Phoenix Life and PHL respectfully request that this Court enter a protective order (1) clarifying that the January 3rd Order does not impose any obligations on Phoenix Life or PHL to produce documents in their possession; (2) clarifying that the Court's January 3rd Order does not compel Towers Watson to produce any documents logged by

---

[5] *Accord Gov't Guar. Fund of Repub. of Finland* v. *Hyatt Corp.,* 182 F.R.D. 182, 187 (D.V.I. 1998) (courts do not imply a waiver where a party's disclosure is the result of judicial compulsion); *Rattner* v. *Netburn,* No. 89 CV 2080 (GLG), 1989 WL 223059, at *9 (S.D.N.Y. June 20, 1989) ("If a party withholds a document from disclosure on the basis of privilege and, on motion of its adversary, the Court holds that the document is not privileged, the resulting disclosure of the document will not be deemed a waiver of the privilege for purposes of other lawsuits."). *See also In re Parmalat Sec. Litig.*, No. 04 MD 1653(LAK)(HBP), 2006 WL 3592936, *1, 3 (S.D.N.Y. Dec. 1, 2006) (privilege not waived when documents were seized by Italian authorities and disseminated to parties).

Phoenix Life as protected by the attorney-client privilege or as work product that were first provided to Phoenix Life for review after January 3, 2013; and (3) precluding Plaintiffs from sharing documents produced in response to the *Fleisher* subpoena and identified in the privilege log submitted by Phoenix Life on February 28, 2013, in the *Fleisher* action, with any third-parties, including but not limited to the parties in *Tiger* and *U.S. Bank*.

Dated: Washington, DC  
       June 6, 2013

Respectfully submitted,

By: /s/ Waldemar J. Pflepsen, Jr.
Waldemar J. Pflepsen Jr. (*pro hac vice*)
Stephen J. Jorden (SJ5009)
Jason H. Gould (JG2012)
Brian P. Perryman (*pro hac vice*)
JORDEN BURT LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, DC 20007
(202) 965-8100

*Attorneys for Defendants*
*Phoenix Life Insurance Company*
*and PHL Variable Insurance Company*

and

Patrick J. Feeley (PF4931)
Jonathan R. Montcalm (JM8866)
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019
(212) 415-9200

*Attorneys for Defendant*
*Phoenix Life Insurance Company*