UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN FLEISHER, AS TRUSTEE OF THE MICHAEL MOSS IRREVOCABLE LIFE INSURANCE TRUST II and JONATHAN BERCK, AS TRUSTEE OF THE JOHN L. LOEB, JR. INSURANCE TRUST, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHOENIX LIFE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.<br>11-cv-8405(CM)(JCF)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 6/3/15 |
| SPRR LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHL VARIABLE INSURANCE CO.,<br><br>Defendant. | Civil Action No. 14-cv-8714 (CM) |

### [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

WHEREAS, Class Counsel has applied for an order preliminarily approving the terms and conditions of the Settlement with Defendants Phoenix Life Insurance Company and PHL

1

Variable Insurance Company (collectively "Phoenix" or "Defendants"), as set forth in the Settlement Agreement, dated May 29, 2015 ("Agreement"), together with the Exhibits annexed thereto;

WHEREAS, the Settlement requires, among other things, that all Released Claims against Releasees be settled and compromised;

WHEREAS, this application is uncontested by Defendants; and

WHEREAS, this Court having considered the Agreement and Exhibits annexed thereto, Class Plaintiffs' Motion for Preliminary Approval of the Settlement and all papers filed in support of such motion.

NOW, THEREFOR, pursuant to Federal Rule of Civil Procedure 23, it is hereby ORDERED that:

1.  The capitalized terms used herein shall have the meanings set forth in the Agreement.

2.  The Court preliminarily approves the Settlement as set forth in the Agreement, including the Releases contained therein, as being fair, reasonable and adequate to the Class, subject to the right of any Class Member to challenge the fairness, reasonableness or adequacy of the Agreement and to show cause, if any exists, why a final judgment dismissing the Action against Defendants, and ordering the release of the Released Claims against Releasees, should not be entered after due and adequate notice to the Class as set forth in the Agreement and after a hearing on final approval.

3.  The Court finds that the Agreement was entered into at arm's length by highly experienced counsel with the assistance of a mediator and is sufficiently within the

range of reasonableness that notice of the Agreement should be given as provided in the Agreement.

4.  The Court finds that the proposed distribution plan is sufficiently fair and reasonable that notice of the distribution plan should be given as provided in the Notice.

5.  The Court conditionally certifies under Rule 23(b)(3) the following Class for purposes of the Settlement as to Defendants:

> Owners of PAUL Policies for which Phoenix sent notice that the Policy was subject to the 2010 Adjustment or 2011 Adjustment (the "Class Policies").

6.  Excluded from the Settlement Class are:

    a.  Any officers, directors, or employees of any Defendant; the affiliates, legal representatives, attorneys, successors, or assigns of any Defendant; Class Counsel and their employees; and any judge, justice, or judicial official presiding over the Actions and the staff and immediate family of any such judge, justice, or judicial official.

    b.  Owners of the following Excluded Policies:

        i.  PAUL Policies that received a decrease in their COI rates or whose COI rates were unchanged as part of the 2011 Adjustment.

        ii.  The confidentially identified Policies for which Phoenix covenants, represents, and warrants that a prior settlement bars claims.

        iii.  The Policies identified in the Settlement Agreement that are subject to separate, ongoing legal proceedings.

7.  The Court finds that the certification of the Class for purposes of the Settlement as to Defendants is warranted in light of the Settlement because: (i) the Class is so numerous that joinder is impracticable; (ii) Class Plaintiffs' claims present common issues that are typical of the

Class; (iii) Class Plaintiffs and Class Plaintiffs' Counsel will fairly and adequately represent the Class; and (iv) common issues predominate over any individual issues affecting the Class Members. The Court further finds that Class Plaintiffs' interests are aligned with the interests of all other Class Members. The Court also finds that resolution of this action on a class basis for purposes of the Settlement as to Defendants is superior to other means of resolution.

8.  The Court hereby appoints Susman Godfrey L.L.P. as counsel to the Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

9.  Class Plaintiffs Martin Fleisher, as Trustee of the Michael Moss Irrevocable Life Insurance Trust II, Jonathan Berck, as Trustee of the John L. Loeb, Jr. Insurance Trust, and SPRR LLC, will serve as representatives of the Class for purposes of the Settlement.

10.  The Court appoints Rust Consulting, a competent firm, as the Settlement Administrator. The Settlement Administrator shall be responsible for receiving requests for exclusion from the Class Members. Funds required to pay the Settlement Administrator may be paid from the Settlement funds as they become due, as set forth in the Agreement.

11.  As of the date hereof, all proceedings in the above-captioned actions as to Defendants shall be stayed and suspended until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

12.  The Court approves the proposed Notice Program, including the Long Form Notices ("Notices") and the other exhibits, attached as Exhibit A to the Settlement Agreement and described in the Declaration of Tiffaney Janowicz ("Janowicz Declaration").

13.  The Court finds that the manner of distribution of the Notice set forth in the Janowicz Declaration constitutes the best practicable notice under the circumstances as well as

valid, due and sufficient notice to the Class and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.

14.     Upon entry of the Preliminary Approval Order, Class Counsel shall begin implementation of the Notice Program as outlined in the Janowicz Declaration. The Notices shall be mailed to the best or last known address of each reasonably identifiable person and entity in the Class by first-class mail no later than 10 days after the Preliminary Approval Date, as described in the Agreement. Class Counsel shall also provide a copy of the Notice to all persons who request it and shall post a copy of the Notice on the Internet at the address to be identified in the Notice.

15.     The Settlement Administrator shall (a) re-mail any Notices returned by the U.S. Postal Service with forwarding addresses, (b) research any returned Notices that do not include a forwarding address, or retain an address research service selected by the Settlement Administrator to conduct such research and provide the addresses of any such returned Notices to the address research service as soon as practicable following receipt. If a research service is used, the address research service shall return to the Settlement Administrator, as soon as is practicable, either an updated address or a statement that, following due research, it has not been able to update that address; and (ii) the Settlement Administrator shall re-mail a Class Notice to every person and entity in the Class for which it or the address research service provides an updated address.

16.     At least ten (10) calendar days before the objection deadline, Class Counsel shall cause to be filed with the Clerk of this Court an affidavit or declaration of the person under whose general direction the mailing of the Notice was made, showing that mailing was made in accordance with this Order.

17. Defendants, including agents or other representatives and any other retained personnel, are hereby authorized to communicate with Class Members concerning Policy values and the normal administration and servicing of the Policies and to engage in any other communications within the normal course of Defendants' business, as described in the Agreement.

18. Any member of the Settlement Class may request to be excluded from the Class. To be effective, written notice must be postmarked no later than 30 days after the Notice Date as set forth in the Notice (by MONTH, DATE, YEAR), and must otherwise comply with the requirements set forth in the Notice. Any Class Member that does not submit a timely, written request for exclusion from the Class shall be bound by all proceedings, orders, and judgments in the Actions, even if such Class Member has previously initiated or subsequently initiates individual litigation or other proceedings against any Defendant(s) or Releasee(s) relating to the 2010 and/or 2011 Adjustment.

19. Any member of the Settlement Class who does not timely seek exclusion from the Class and who wishes to object to the terms of the relevant Proposed Settlement must do so in writing, must mail or deliver copies of such objection to Counsel for the Settling Parties, the Settlement Administrator, and the Clerk of the Court postmarked no later than 30 days after Notice Date (by MONTH, DATE, YEAR), and must otherwise comply with the requirements set forth in the Notice.

20. The Court hereby schedules a hearing to occur on _Sept 9_ 2015, at _10_ a.m. before the Honorable Colleen McMahon in United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, Courtroom 17C, to determine whether (i) the proposed

Settlement as set forth in the Agreement, should be finally approved as fair, reasonable and adequate pursuant to the Federal Rule of Civil Procedure 23; (ii) an order approving the Agreement and a Final Judgment should be entered; (iii) an order approving a proposed distribution plan should be approved; and (iv) the application of Class Counsel for an award of attorneys' fees, expense reimbursements, and incentive awards ("Fee and Expense Request") in this matter should be approved. All papers in support of any Fee and Expense Request, all papers in support of the proposed distribution plan, and all papers in support of final approval of the Settlement, shall be filed no later than twenty-one (21) days before the final fairness hearing. No later than seven (7) days before the final fairness hearing, all relevant reply papers shall be filed and served by the parties to the action.

21. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement is or may be used as an admission or evidence (i) of the validity of any claims, alleged wrongdoing or liability of Defendants or (ii) of any fault or omission of Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

22. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement is or may be used as an admission or evidence that the claims of Class Plaintiffs lacked merit in any proceeding against anyone other than Defendants in any court, administrative agency or other tribunal.

23. In the event that the Agreement is terminated in accordance with its provisions, the Settlement and all proceedings had in connection therewith shall be null and void, except

insofar as expressly provided to the contrary in the Agreement, and without prejudice to the status quo ante rights of Class Plaintiffs, Defendants and the Class Members.

24.     No later than ten (10) days after the Motion for Preliminary Approval of the Settlement has been filed with the Court, Defendants will serve the Class Action Fairness Act ("CAFA") Notice on the Attorney General of the United States and the state attorneys general as required by 28 U.S.C. § 1715(b). Thereafter, Defendants will serve any supplemental CAFA Notice as appropriate.

ENTERED this 3 day June of 2015.

/s/ Colleen McMahon
Colleen McMahon
UNITED STATES DISTRICT JUDGE